UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LIA BRIANA LAUGHTER                                                                               PLAINTIFF

V.                                                                      CIVIL ACTION NO.3:14CV24-DAS

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

## FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following oral argument, the decision of the Commissioner of Social Security should be reversed and the case remanded for further proceedings.

1. The Administrative Law Judge(ALJ) determined that the plaintiff had the residual functional capacity(RFC)to perform a somewhat limited range of light work, relying on the physical capacity assessment of the non-examining Disability Determination Service (DDS) physician. She gave little weight to the report and physical capacity assessment of the consultative examiner (CE), who opined that Laughter could perform less than a full range of sedentary work. The only explanation for this decision given was that his assessment was "not

consistent with his mild to moderate objective findings." The court finds that this is not an adequate explanation for rejecting the only examining doctor's assessment. The CE found marked chronic obstructive pulmonary disease (COPD), a severe compression fracture of the spine, and multiple objective findings of degenerative joint disease in her knees, hands and spine. The CE's report does not indicate that his objective findings are mild or moderate. There is no substantial evidence on this record to support preferring the findings of the DDS physician over the CE. On remand, the ALJ must provide an explanation for accepting the non-examining physician's opinion over the CE's report and opinion.

    2. On remand the ALJ must also perform the detailed analysis required by SSR 82-62 before she can find that the claimant retains the capacity to perform past relevant work.

    3. The court further finds that the credibility determination is not supported by substantial evidence. The DDS physician found the claimant's symptoms of COPD, low back pain, and knee pain were credible and supported by objective tests. The CE noted her symptoms were credible, consistent with objective findings and her effort on testing was good. The ALJ, nevertheless, found that the claimant's testimony was not credible, citing portions of the claimant's testimony to support the decision. Because these portions of the claimant's testimony support and are consistent with her claim of disability, they do not support a finding that her testimony was less than fully credible. On remand, the ALJ shall clarify her credibility determination as to the claimant's testimony.

    4. As pointed out in Plaintiff's arguments Four, Five and Six, it appears that the ALJ has made a series of mistakes. There were mistakes about the costs of combinations of medicines and the use of the breathing machine and a finding that the claimant continued to smoke, when the record indicates she quit smoking years earlier. The opinion failed to reference or explain

the weight given to the statement of the claimant's daughter-in-law, as required by SSR 06-3p. While any one of these errors standing alone might be insufficient to justify remand, this combination of errors undermines confidence in the accuracy of the decision, including raising serious doubt about whether the ALJ would have made the same decision in the absence of these errors. The claimant has therefore shown prejudice.

    5. Finally, the court finds that the ALJ's reference to an employer accommodating the claimant's use of the breathing machine is not a reference to the Americans with Disabilities Act and is not error.

    SO ORDERED this the 10th day of December, 2014.


    /s/ David A. Sanders
    UNITED STATES MAGISTRATE JUDGE